**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

No. 02-6112

---

FRANK DOUGLAS,

Plaintiff - Appellant,

versus

WAL-MART CORPORATION PHARMACY,

Defendant - Appellee.

---

Appeal from the United States District Court for the District of South Carolina, at Aiken.  Cameron McGowan Currie, District Judge. (CA-01-116-1)

---

Submitted:  May 15, 2002                    Decided:  June 6, 2002

---

Before LUTTIG, TRAXLER, and KING, Circuit Judges.

---

Dismissed by unpublished per curiam opinion.

---

Frank Douglas, Appellant Pro Se.  John Robert Murphy, MURPHY & GRANTLAND, P.A., Columbia, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Frank Douglas seeks to appeal the district court's order adopting the report and recommendation of the magistrate judge and granting summary judgment in favor of Wal-Mart on his 42 U.S.C.A. § 1983 (West Supp. 2001) complaint. We dismiss the appeal for lack of jurisdiction because Appellant's notice of appeal was not timely filed.

Parties are accorded thirty days after the entry of the district court's final judgment or order to note an appeal, see Fed. R. App. P. 4(a)(1), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's order was entered on the docket on November 2, 2001. Appellant's notice of appeal was filed on January 4, 2002.[*] Because Appellant failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we grant Wal-Mart's motion to dismiss the appeal. We dispense with oral argument because the facts and legal contentions

---

[*] For the purpose of this appeal we assume that the date appearing on the notice of appeal is the earliest date it could have been given to prison officials for mailing. See Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

2

are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED